**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on April 13, 2007, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: April 13, 2007**

**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 06-10639 |
| | ) | |
| KELLY FAITH FISHER, | ) | Chapter 13 |
|     Debtor. | ) | |
| | ) | |
| ROBERT LEE FISHER, | ) | Adversary Proceeding No. 06-1484 |
|     Plaintiff, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| KELLY FAITH FISHER, | ) | |
|     Defendant. | ) | |

MEMORANDUM OF OPINION[1]

Before the Court is the debtor-defendant's motion for summary judgment.

For the reasons that follow, the motion is granted.

---

[1] This opinion is not intended for official publication.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTS

Kelly Fisher, the debtor-defendant, and Robert Fisher, the plaintiff, were married in 1984. On July 8, 2002, the parties signed a separation agreement which provided in pertinent part:

> **ARTICLE II - SPOUSAL SUPPORT**
>
> Except as expressly provided herein, neither husband nor wife shall be responsible in any manner whatsoever for the support and maintenance of the other spouse.
>
> . . . .
>
> **ARTICLE IV - DIVISION OF PROPERTY**
>
> . . . .
>
> C.  Real Estate
>
> The parties hereby stipulate that the Wife shall maintain possession of the marital residence located at 18801 Kewanee, Cleveland, Ohio. . . . Husband will be responsible for the payment of the mortgage lien currently encumbering the property.

. . . .

## ARTICLE IX - DEBTS AND LIABILITIES

. . . . Husband agrees to make timely monthly payments on the debt for which he has accepted responsibility of at least the minimum required payment on each account. Husband agrees to remit the monthly minimum sum of $1,920.00 directly to the Wife for payment of the marital obligations. The Wife agrees to take the monthly sum provided by Husband and apply [it] directly to the balance, if any, on all of the marital debts listed in [schedule attached to the separation agreement].

## ARTICLE XIII - ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES

. . . . The parties have agreed to waive child support obligations.

## ARTICLE XV - AUTOMOBILES

. . . . Wife has in her possession a 2001 Ford Explorer. Wife shall continue to maintain possession of said vehicle and . . . Husband agrees to pay the payments on said vehicle.

## ARTICLE XVII - ENFORCEMENT EXPENSES

If either the Husband or Wife defaults in the performance of any of the obligations herein set forth, and it becomes necessary to institute legal proceedings to effectuate the performance of any provision of this Agreement, then, in such case, the party found in default shall pay all expenses, including reasonable attorney fees, which fees shall be based upon the usual, customary and reasonable hourly rate at the time incurred, all costs which may be incurred, including, but not limited to, court reporter's fees for depositions and any other costs and expenses which may be reasonably incurred by the parties in connection with each enforcement proceeding.

Separation Agreement (July 8, 2002) at 2-5.

On March 8, 2006, the debtor-defendant filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code. In Schedule J, the debtor listed income of $1,920 per month and describes this as "Estranged husband contributes (not alimony)." She did not list any debts in her schedules owed to the plaintiff; however, the plaintiff did file a proof of claim in the amount of $92,160.00 which he describes as being for "Separation Agreement - fraud."

On June 14, 2006, the plaintiff filed this adversary proceeding seeking:

(1) denial of the debtor's discharge under 11 U.S.C. § 727(a)(4)(C) and/or a finding of nondischargeability under 11 U.S.C. § 523(a)(5) (Count I);

(2) a finding of nondischargeability under 11 U.S.C. § 523(a)(6) (Count II);

(3) a finding of nondischargeability under 11 U.S.C. § 523(a)(2)(A) (Count III); and

(4) an award of attorney fees under Bankruptcy Rule 7008 (Count IV).

On March 1, 2007, the debtor-defendant filed a motion for summary judgment. On March 15, 2007, the plaintiff filed a response in opposition, and on March 22, 2007, the defendant filed a reply.

In the debtor-defendant's affidavit, she states that she has consistently paid more than the $1,920 per month towards the marital debts, as provided by the July 8, 2002, separation agreement. However, the plaintiff asserts that he has been

4

defrauded because he thought his payments to the debtor-defendant would be enough to pay in full those debts for which the parties remained jointly liable. While the Court has sympathy for the plaintiff's current situation, the plaintiff's bare assertions that these circumstances somehow create a nondischargeable debt owed by the debtor-defendant are not enough to create a genuine issue of material fact for purposes of summary judgment.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to

5

interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

Absent such evidence from the nonmoving party in a motion for summary judgment, the Court need not excavate the entire record to determine if any of the available evidence could be construed in such a light. *See In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001) (holding that the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact"); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993). "[S]ummary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56.

# DISCUSSION

## *Count I*

In Count I, the plaintiff seeks denial of the debtor's discharge under 11 U.S.C. § 727(a)(4)(C) and/or a finding of nondischargeability under 11 U.S.C. § 523(a)(5).

Section 727 provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless —
>    (4) the debtor knowingly and fraudulently, in or in connection with the case —
>       (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forebearing to act.

Section 727 falls within subchapter II of chapter 7 of the Bankruptcy Code. 11 U.S.C. § 103(b) provides that "[s]ubchapters I and II of chapter 7 of this title apply only in a case under such chapter." Therefore, because the debtor filed her petition under chapter 13, she cannot be denied a discharge under the provisions of 11 U.S.C. § 727(a)(4)(C).

A general discharge under 11 U.S.C. § 1328(a) discharges a debtor from all debts provided for in the debtor's completed plan, except those debts listed in paragraphs 1-4 of that section, including certain debts of the kind specified under section 523(a)(5). *See* 11 U.S.C. § 1328(a)(2). Section 523(a)(5) excepts from

7

discharge any debt "for a domestic support obligation." 11 U.S.C. § 523(a)(5). A domestic support obligation is defined as:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is —
> (A) owed to or recoverable by —
> (i) a spouse, former spouse, or child of thee debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the other for relief in a case under this title, by reason of applicable provisions of —
> (i) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14). In determining whether a debt is actually in the nature of alimony, maintenance, or support, bankruptcy courts look to the traditional state law indicia that are consistent with a support obligation. *See Sorah v. Sorah* (*In re Sorah*), 163 F.3d 397, 401 (6th Cir. 1998).

> These include, but are not necessarily limited to, (1) a label such as alimony, support, or maintenance in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of a third-party debt, and (3) payments that are contingent upon such events as death, remarriage, or eligibility for Social Security benefits.

*In re Sorah*, 163 F.3d at 401.

In this case, the plaintiff has provided the Court with the separation agreement that explicitly provides that "neither husband nor wife shall be responsible in any manner whatsoever for the support and maintenance of the other spouse" and that "[t]he parties have agreed to waive child support obligations." Furthermore, applying the factors from *In re Sorah*, the debtor-defendant's obligation under the separation agreement was included in a section labeled debts and liabilities, is not a direct payment to a former spouse, and is not contingent upon future events such as death, remarriage, or eligibility for Social Security Benefits. Therefore, this evidence, when viewed in a light most favorable to the plaintiff, fails to establish a genuine issue of material fact as to whether the debtor-defendant owes any debt under the separation agreement that constitutes a "domestic support obligation." Accordingly, the debtor-defendant's motion for summary judgment is granted as to Count I of the plaintiff's complaint.

*Count II*

In Count II, the plaintiff seeks a finding of nondischargeability under

9

11 U.S.C. § 523(a)(6). Unlike a discharge under section 727, a discharge under section 1328(a) discharges even those debts specified in 11 U.S.C. § 523(a)(6). *See* 11 U.S.C. § 1328(a). However, when a chapter 13 debtor moves for a so-called hardship discharge under 11 U.S.C. § 1328(b), all of the exceptions to discharge under section 523(a) apply. *See* 11 U.S.C. § 1328(c)(2). As explained below, the Court finds that the debt is not nondischargeable under section 523(a)(6); therefore, whether the debtor obtains a discharge under section 1328(a) or 1328(b) does not affect the dischargeability of this debt.

Section 523(a)(6) excepts from discharge any debts:

> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

In *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), the Supreme Court clarified the meaning of "willful and malicious injury" as it appears in section 523(a)(6) to cover only those debts incurred as a result of an intentional *injury*, not merely a deliberate or intentional *act* that leads to injury. Following the Supreme Court, the Sixth Circuit has held that unless "the actor desires to cause [the] consequences of his act, or . . . believes that the consequences are substantially certain to result from it," he has not committed a "willful and malicious injury" as defined under section 523(a)(6). *In re Markowitz*, 190 F.3d 455, 464 (6th Cir. 1999). Therefore,

10

section 523(a)(6) excepts from discharge debts resulting from intentional torts, not negligent or reckless torts.  *See Kennedy v. Mustaine* (*In re Kennedy*), 249 F.3d 576, 580 (6th Cir. 2001) (holding debt owing as a result of the intentional tort of defamation was nondischargeable);  *see also Superior Metal Products v. Martin* (*In re Martin*), 321 B.R. 437, 441 (Bankr. N.D. Ohio 2004) (holding debt for conversion was nondischargeable when defendant wrongfully negotiated a check and dissipated the funds).

In this case, the plaintiff has alleged that the debtor-defendant "willfully and maliciously retained information which should have been shared with the plaintiff."  The plaintiff rests his claim upon allegations that the debtor-defendant failed to provide him with notice that the amounts he provided the debtor were insufficient.  The plaintiff has provided no evidence to support his assertions which the Court may properly consider under Rule 56(c).  The evidence, when viewed in a light most favorable to the plaintiff, fails to establish a genuine issue of material fact on the plaintiff's claim under 11 U.S.C. § 523(a)(6).  Accordingly, the debtor-defendant's motion for summary judgment is granted as to Count II of the plaintiff's complaint.

*Count III*

In Count III, the plaintiff seeks a finding of nondischargeability under

11

11 U.S.C. § 523(a)(2)(A). A general discharge under 11 U.S.C. § 1328(a) excepts from discharge those debts of the kind specified under section 523(a)(2). *See* 11 U.S.C. § 1328(a)(2). Section 523(a)(2) excepts from discharge any debt:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. . . .

In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of the loss. *See In re Rembert*, 141 F.3d 277, 280-81 (6th Cir. 1998).

In support of this claim, the plaintiff asserts, "Defendant is attempting to fraudulently discharge a debt." The plaintiff further offers a list of debts included in the Separation Agreement, the debtor's statement that she was not given enough money by the plaintiff to cover the debts, and a list of various creditors and dollar amounts to support this claim of fraud. The plaintiff has not even alleged that the debtor-defendant made a misrepresentation or obtained money through fraud.

12

Furthermore, the plaintiff has failed to provide any evidence indicating the debtor-defendant's subjective intent to defraud. This evidence, when viewed in a light most favorable to the plaintiff, fails to establish a genuine issue of material fact as to plaintiff's claim under section 523(a)(2)(A). Accordingly, the debtor-defendant's motion for summary judgment is granted as to Count III of the plaintiff's complaint.

*Count IV*

In Count IV, the plaintiff seeks an award of attorney's fees, citing Bankruptcy Rule 7008(b). Bankruptcy Rule 7008(b) provides that, "[a] request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate." Attorney's fees are not generally awarded unless they are provided for by statute or by contract. *See generally Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Electric Co.*, 127 S. Ct. 1199 (2007). Therefore, Rule 7008(b) is merely a procedural rule providing the method in which to plead a request for an award of attorney's fees in an adversary proceeding.

The separation agreement contains an enforcement provision that provides for attorney's fees when one party seeks enforcement due to the other party's default on the obligations. The plaintiff's action does not seek to enforce the

13

provisions in the agreement, and the only evidence the plaintiff has presented relating to the debtor-defendant's default is the debtor's affidavit which states she has consistently paid at least the required $1,920 per month towards the marital debts. The evidence, when viewed in a light most favorable to the plaintiff, fails to establish a genuine issue of material fact as to the plaintiff's contractual right to attorneys fees.

The plaintiff also alleges he is entitled to attorney's fees due to the debtor-defendant's willful and malicious conduct. Under Ohio law, "attorney fees may be awarded as an element of compensatory damages where the jury finds that punitive damages are warranted." *Galmish v. Cicchini*, 90 Ohio St.3d 22, 30, 734 N.E.2d 782, 795 (2000), *quoting Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 558, 644 N.E.2d 397, 402 (1994). In Ohio, punitive damages are awarded only with a showing of actual malice or conduct characterized by hatred, ill will, "spirit of revenge," retaliation or conduct that is particularly gross or egregious. *Combs Trucking, Inc. v. Int'l Harvester Co.*, 12 Ohio St.3d 241, 466 N.E.2d 883 (1984). In this case, the plaintiff has presented the Court with no evidence even to suggest that the debtor-defendant acted with malice. The evidence, when viewed in a light most favorable to the plaintiff, fails to establish a genuine issue of material fact as to the plaintiff's right to attorney's fees under Ohio law.

Accordingly, the debtor-defendant's motion for summary judgment is granted as to Count IV of the plaintiff's complaint.

CONCLUSION

For the foregoing reasons, the debtor-defendant Kelly Faith Fisher's motion for summary judgment is granted.

IT IS SO ORDERED.